IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT LICCIARDI, | | |
| | Petitioner, | No. 2:12-cv-2840 MCE CKD P |
| vs. | | |
| VIRGA, | | ORDER AND |
| | Respondent. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief.

      The court shall entertain an application for writ of habeas corpus by a state prisoner only if it is alleged that the prisoner is in custody in violation of federal law. 28 U.S.C. § 2254(a). In a federal habeas proceeding, a state prisoner can challenge the fact that he is confined or the duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner seeks an order directing the Superior Court of San Joaquin County to appoint petitioner a lawyer, pursuant to a provision of California law, to investigate whether there is a basis to file a motion for DNA testing. Because petitioner does not allege he is in custody in

1

violation of federal law, or that the length of his sentence violates federal law, the court does not have habeas jurisdiction over this matter. Therefore, the court will recommend that this case be dismissed.

Finally, petitioner has requested the appointment of counsel in this action. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's motion for the appointment of counsel (Dkt. No. 2) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may

/////

/////

/////

1 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
licc2840.dis

3